**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4749**

───────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

     v.

TONY TYRELL COMMANDER, a/k/a Mook,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (2:11-cr-00031-FL-1)

───────────

Submitted: April 22, 2013         Decided:  May 13, 2013

───────────

Before DAVIS, KEENAN, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

C. Burell Shella, SHELLA, HARRIS & AUS, PC, Durham, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Tyrell Commander appeals the criminal judgment imposing a 360-month sentence following his guilty plea to conspiracy to distribute and possess with intent to distribute 280 grams of cocaine base. On appeal, Commander's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the court abused its discretion in sentencing Commander. Commander was informed of his right to file a supplemental pro se brief but has not done so. The Government has declined to file a response brief. We affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court committed no "significant procedural error," including improper calculation of the Guidelines range, insufficient consideration of the 18 U.S.C. § 3553(a) (2006) factors, and inadequate explanation of the sentence imposed. United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). If we find the sentence procedurally reasonable, we also must examine the substantive reasonableness of the sentence, considering the totality of the circumstances. Gall, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the purposes of

2

sentencing.  See 18 U.S.C. § 3553(a).  A within-Guidelines sentence is presumed reasonable on appeal, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors."  United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We discern no abuse of discretion here.  The district court properly calculated Commander's Guidelines range, addressed the parties' sentencing arguments, and engaged in a thorough balancing of the § 3553(a) factors.  The court imposed a sentence within the statutory and Guidelines ranges and specifically grounded the sentence in Commander's history and characteristics, the seriousness of the offense, and the need for deterrence and protection of the public.  The court appropriately credited Commander for his prior state sentences, see U.S. Sentencing Guidelines Manual § 5K2.23 (2011), while selecting a sentence at the bottom of the Guidelines range, as requested by counsel.  We further conclude, based on the factors adduced at sentencing, that Commander did not rebut the presumption of reasonableness accorded his within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal with regard to either Commander's conviction or his sentence.

3

We therefore affirm the district court's judgment. This court requires that counsel inform Commander, in writing, of the right to petition the Supreme Court of the United States for further review. If Commander requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Commander.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED